IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

CHRISTOPHER B KIMMONS                                                                              PETITIONER
Reg. #11762-028

v.                                              4:22-cv-00864-BRW-JJV

JOHN P. YATES
Warden, Federal Correctional Institution – Forrest City                                     RESPONDENT

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Billy Roy Wilson. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this recommendation. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

**DISPOSITION**

**I.     INTRODUCTION**

On February 18, 2014, in the United States District Court for the Southern District of Indiana, Christopher B. Kimmons ("Petitioner") entered a plea of guilty to the charges of Conspiracy to Possess with Intent to Distribute and to Distribute 50 Grams or More of Methamphetamine and Conspiracy to Launder Monetary Instruments.[1] (Doc. No. 6 at 1.) On April 8, 2014, Petitioner was sentenced to 168 months' imprisonment on each count to run concurrently, followed by a total

---

[1] The corresponding case number is 3:13-CR-00046-002.

five years of supervised release. (*Id*.) Mr. Kimmons is currently serving that sentence at the Forrest City Low Federal Correctional Institution ("FCI Forrest City"). (Doc. No. 1 at 2.) According to the Bureau of Prisons' calculation, Mr. Kimmons' projected release date, based upon good conduct time credits, is October 29, 2025. (Doc. No. 6-1 at 7.)

Mr. Kimmons brings the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 *pro se*. (Doc. No. 1.) He seeks to apply credits against his sentence pursuant to the First Step Act ("FSA") of 2018, 18 U.S.C. §§ 3631-3635. (*Id*.) According to Mr. Kimmons, the Bureau of Prisons ("BOP") has "failed to apply his 'Earned Time' credits for" his participation in "'Evidence-Based Recidivism Reduction Training' under the First Step Act", and if the BOP correctly applies those time credits, he would be eligible for release. (*Id*.)

Respondent John P. Yates, Warden of the FCI Forrest City Low, has filed a Motion to Dismiss and Response to Mr. Kimmons' Petition, asserting dismissal is appropriate due to Mr. Kimmons' failure to exhaust his administrative remedies. (Doc. No. 6 at 2-4.) Mr. Kimmons has not responded to the Motion to Dismiss, and this matter is now ripe for a decision. After careful consideration, I recommend the Motion to Dismiss be GRANTED and Mr. Kimmons Petition be DISMISSED without prejudice.

II.   ANALYSIS

   a.   The Exhaustion Requirement

"A prisoner may bring a habeas action challenging the [Bureau of Prisons]'s execution of his sentence only if he first presents his claim to the BOP." *Mathena v. United States*, 577 F.3d 943, 946 (8th Cir. 2009) (citing *United States v. Chappel*, 208 F.3d 1069, 1069 (8th Cir. 2000) (per curiam)). Federal regulations afford prisoners administrative review of the computation of their credits. *United States v. Wilson*, 503 U.S. 329, 335 (1992) (citing 28 C.F.R. §§ 542.10-.16).

Prisoners are able to seek judicial review of these computations "after exhausting their administrative remedies." *Id*. (citing *United States v. Bayless*, 940 F.2d 300, 304-05 (8th Cir. 1991)).

The BOP's Administrative Remedy Program exists "to allow an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10. The process is a multi-step one. First, an inmate must "present an issue of concern informally to staff, and staff shall attempt to informally resolve the issue before an inmate submits a Request for Administrative Remedy." *Id*. at § 542.13(a). Second, if the issue is not resolved, the inmate must submit a "formal written Administrative Remedy Request" at the institutional level. *Id*. at § 542.14(a).

Third, "[a]n inmate who is not satisfied with the Warden's response may submit an Appeal . . . to the appropriate Regional Director." *Id*. at § 542.15(a). Fourth, "[a]n inmate who is not satisfied with the Regional Director's response may submit an Appeal . . . to the General Counsel." *Id*. An inmate may seek judicial review only after exhausting each of these steps. *Wilson*, 503 U.S. at 335; *see also Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (administrative exhaustion "means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)").

**b. Petitioner's Failure to Exhaust**

In support of his Petition, Mr. Kimmons asserts that he "has exhausted his administrative remedies, and his requests have been rejected by the warden." (Doc. No. 1.) However, that is not the case. Petitioner has failed to initiate even the first step in the BOP's Administrative Remedy Program. (Doc. No. 6 at 2.) Petitioner previously submitted two Administrative Remedy Requests in 2014 regarding issues unrelated to the claims brought forth in this Petition. (*Id*.) The fact that

Petitioner has previously engaged with the BOP's Administrative Remedy Program to resolve issues reveals that he is aware of the BOP's grievance procedures. In this case, he chose to circumvent those procedures and instead file a petition for writ of habeas corpus.

Mr. Kimmons seeks to explain his failure to exhaust his administrative remedies by claiming, "further attempts to resolve the matter administratively is clearly futile, as it concerns the BOP's failure to properly follow the terms and conditions of FSA." (Doc. No. 1.) However, because Petitioner has failed to make *any* attempt to resolve the matter administratively, he cannot possibly know whether an attempt to do so would be futile. Again, it is not until after a prisoner presents his claim to the BOP, and proceeds through the entire Administrative Remedy Program, that he may institute a habeas action to contest an unfavorable decision. *Mathena*, 577 F.3d 943 at 946.

That being said, I realize Mr. Kimmons may perceive my exhaustion findings as an unfairly technical "gotcha" mechanism to keep him out of court. To the contrary, the exhaustion requirement plays a critical role in the remedy process. The Supreme Court of the United States explained the important role of exhaustion as follows: "requiring exhaustion allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court. This has the potential to reduce the number of inmate suits, and also to improve the quality of suits that are filed by producing a useful administrative record."[2] *Jones v. Bock*, 549 U.S. 199, 204 (2007).

Additionally, Mr. Kimmons is commended for the significant amount of time credits he has earned while incarcerated. He has accrued 560 programming days through his participation in

---

[2] In *Jones*, the Supreme Court of the United States was describing exhaustion in the Prison Litigation Reform Act ("PLRA") context. Although the PLRA does not apply to petitions of writs of habeas corpus, the rationale behind exhaustion under the PLRA offers insight into the exhaustion requirement in the habeas context for petitions brought under 28 U.S.C. § 2241. 18 U.S.C. § 1997e(a).

the BOP's evidence-based recidivism reduction programming. (Doc. No. 6-2 at 6.) Although Mr. Kimmons understandably wants those programming days to translate into time credits that will result in his release, his continued participation in those programs will only benefit him when he is released. This is because the evidence-based recidivism reduction programs: (1) are backed by research demonstrating the programs' effectiveness in reducing recidivism; and (2) are "designed to help prisoners succeed in their communities upon release." 18 U.S.C. § 3635(3). Programming can include substance abuse treatment, mentoring, vocational training, and ethics classes. *Id*. Mr. Kimmons will surely benefit considering his Prison Assessment Tool Targeting Estimated Risk and Needs score places him at a high risk for recidivism. *Id*.

As Respondent points out, Mr. Kimmons is free to begin the administrative remedy process if he seeks to resolve the ongoing issue of his sentence computation. Only after he completes all the steps that the BOP holds out, and does so properly so that the BOP addresses the issue on its merits, can he seek judicial review. *Woodford*, 548 U.S. at 90. Because he failed to exhaust his administrative remedies prior to seeking judicial review in this habeas action, his Petition should be dismissed without prejudice.

## IV.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that Mr. Kimmons' § 2241 Petition for Writ of Habeas Corpus (Doc. No. 1) be DISMISSED without prejudice.

DATED this 11th day of January 2023.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE